[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13006
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:10-cv-00172-N

VISION BANK,

Plaintiff-Counter Defendant-Third
Party Defendant - Appellee,

versus

ALGERNON LAND COMPANY, L.L.C.,

Defendant-Third Party Defendant -
Counter Defendant - Appellee,

JAMES RAYFIELD, JR.,

Defendant - Third Party Plaintiff -
Counter Claimant - Appellant,

JULE HERBERT, JR.,

Third Party Defendant - Counter
Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 18, 2011)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.


PER CURIAM:

This case was brought by Vision Bank against Algernon Land Company and James Rayfield for breach of promissory note and guaranty. Rayfield denied liability and counterclaimed against the Bank for fraudulent inducement and other tortious conduct related to the execution of the note and guarantee. Rayfield also cross-claimed against Algernon for fraud in the inducement and brought a third-party action against Jule Herbert (Algernon's principal) for fraud in the inducement and legal malpractice.[1] Following extensive discovery, the Bank moved the district court[2] for summary judgment on its claim against Algernon and Rayfield and Rayfield's counterclaim. The court granted the motion and gave the

_____

[1] The fraud-in-the-inducement cross-claim and third-party claim related to the execution of the note and guaranty in favor of the Vision Bank.

[2] The case was adjudicated by a magistrate judge by consent of the parties.

2

Bank the judgment it sought. The court also entered judgment for Algernon on Rayfield's cross-claim against it and for Herbert on Rayfield's third-party claim.[3]

Rayfield appeals the court's judgments, raising two arguments. They are, succinctly stated, (1) that the court "misstated and misapplied the standard for entering summary judgment," and (2) that "[a] genuine issue of fact does exist. The testimony of the [Bank's] commercial lending officer [and] various loan documents show that Rayfield was presented false and fraudulent facts about the purpose of the note he was guarantying." We have carefully reviewed the record on these points and find (1) no error in the court's application of the summary judgment standard and (2) no genuine issue of fact. The court's judgments are therefore due to be and are

---

[3] The court's statement as to why it entered judgment against Rayfield on these two claims is contained in the court's dispositive order of June 17, 2011:

> Rayfield has been given adequate opportunity to address the legal issues [regarding his cross-claim and third-party claim] that the court has raised both in its written order and during the pendency of the June 16, 2011 hearing. At the hearing, Rayfield offered no further evidence or argument to support his claims and stated that he was relying on his brief. Moreover, Rayfield's counsel conceded in open court that all of Rayfield's claims were essentially predicated on his fraud claims against Vision Bank and Herbert and, without a viable fraud claim, Rayfield's 'entire case goes out.' Consequently, for the reasons set forth in the Court's Orders of April 12, 2011 . . . and May 27, 2011 . . . as well as Rayfield's concessions at the hearing conducted this day, Rayfield has failed to establish that he has asserted a viable claim against either Algernon or Herbert and judgment is, therefore, due to be entered in their favor as to the claims asserted against them by Rayfield.

AFFIRMED.